IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN BLACKFORD,**

  **Plaintiff,**

 vs.         Civil Action 2:09-CV-562
            Judge Frost
            Magistrate Judge King

**NOBLE CORRECTIONAL INSTITUTION,**

  **Defendant.**

### REPORT AND RECOMMENDATION

Plaintiff, an inmate at the Noble Correctional Institution, has filed a complaint alleging that a fellow inmate attacked plaintiff, causing severe damage. Plaintiff complains that the inmate has not been criminally charged or disciplined and that, indeed, it was plaintiff who was placed in the "hole" and investigated. *Complaint.* Plaintiff asks that the defendant warden be required to investigate and charge the other inmate. This matter is now before the Court for the initial screen of the complaint required by 28 U.S.C. §§1915(e), 1915A.

The Eleventh Amendment to the United States Constitution prohibits this court from entertaining a claim under 42 U.S.C. §1983 against the State of Ohio or its agencies. *Regents of Univ. of Calif. v. Doe,* 519 U.S. 425, 429 (1997); *Alabama v. Pugh,* 438 U.S. 781, 782 (1978). Plaintiff's claim against the Noble Correctional Institution must therefore be dismissed for lack of subject matter jurisdiction.

Plaintiff also names as a defendant the warden of the institution. To state a claim under 42 U.S.C. §1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting

under color of state law. *West v. Adkins,* 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996). Plaintiff does not allege that the warden participated in, or in any manner caused, the assault on plaintiff. Plaintiff asks only that the alleged assault be investigated and, presumably, that the offending inmate be disciplined or prosecuted. However, the Constitution of the United States does not confer on any person the right to demand the prosecution of another person. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973); *Sargeant v. Dixon,* 130 F.3d 1067, 1069 (D.C. Cir. 1997). Likewise, there is no constitutional, statutory or common law right to even the investigation of another person. *Mitchell v. McNeil,* 487 F.3d 374, 378 (6th Cir. 2007). Thus, the complaint fails to state a claim upon which relief can be granted against this defendant.

It is therefore **RECOMMENDED** that the action be **DISMISSED** for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision

of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


July 24, 2009                                            *s/Norah McCann King*
                                                        Norah M<sup>c</sup>Cann King
                                                   United States Magistrate Judge